IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Lisa Jackson, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   14 C 7221 |
| | ) | |
| AllianceOne Receivables Management, | ) | |
| Inc., a Delaware corporation, | ) | |
| | ) | |
|    Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Lisa Jackson, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Lisa Jackson ("Jackson"), is a resident of the State of Massachusetts, from whom Defendant attempted to collect a delinquent consumer debt that she allegedly owed for a Capital One Bank account, despite the fact that she had exercised her right to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Consumers in Debt program ("LACD"), located in Chicago, Illinois.

4.     Defendant, AllianceOne Receivables Management, Inc. ("AllianceOne"), is a Delaware corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  AllianceOne operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant AllianceOne was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.     Defendant AllianceOne is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, records from the Illinois Secretary of State, attached as Exhibit A.  In fact, AllianceOne conducts extensive and substantial business in Illinois.

6.     Defendant AllianceOne is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B.  In fact, Defendant AllianceOne acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

6.     Ms. Jackson fell behind on paying her bills, including a debt she allegedly owed for a Capital One Bank account.  Defendant AllianceOne thereafter began trying to collect this debt from Ms. Jackson by sending her a collection letter dated June 17, 2013.  A copy of this letter is attached as Exhibit C.  This caused Ms. Jackson to seek the assistance of the legal aid attorneys at the Chicago Legal Clinic's LACD program, regarding her financial difficulties and Defendant's collection actions.

7.     Accordingly, via letter dated August 14, 2013, one of Ms. Jackson's

attorneys at LACD informed Defendant, in writing, that Ms. Jackson was represented by counsel, and directed AllianceOne to cease contacting her, and to direct all further collection activities to her attorneys at LACD, because Ms. Jackson was forced, by her financial circumstances, to try and negotiate a payment plan as to her unsecured debt. A copy of this letter and fax confirmation is attached as Exhibit D.

8. Thereafter, during 2013 through 2014, from their offices in Chicago, Illinois, Ms. Jackson's attorneys at LACD sent Defendant AllianceOne seven (7) payments on the account, which payments were accepted by Defendant.

9. Nonetheless, Defendant communicated directly with Ms. Jackson, via a letter dated September 9, 2014, regarding payment of the Capital One Bank debt. A copy of this collection letter is attached as Exhibit E.

10. Defendant's collection actions complained of herein (Exhibit D) occurred within one year of the date of this Complaint.

11. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and continuing to demand payment after a direction to cease communications. See, 15 U.S.C. § 1692c(c).

14. Here, the letter from Ms. Jackson's attorney/agent, LACD, told Defendant

3

to cease communications with Ms. Jackson (Exhibit D).  By continuing to communicate via a letter regarding the debt and demanding payment from Ms. Jackson (Exhibit E), Defendant AllianceOne violated § 1692c(c) of the FDCPA.

15.    Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

16.    Plaintiff adopts and realleges ¶¶ 1-11.

17.    Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

18.    Defendant AllianceOne knew that Ms. Jackson was represented by counsel in connection with her debts because her attorneys at LACD had informed Defendant AllianceOne, in writing (Exhibit D), that she was represented by counsel, and had directed Defendant to cease directly communicating with her.  By directly sending Ms. Jackson a collection letter (Exhibit E), despite being advised that she was represented by counsel, Defendant AllianceOne violated § 1692c(a)(2) of the FDCPA.

19.    Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.§1692k.

## PRAYER FOR RELIEF

Plaintiff, Lisa Jackson, prays that this Court:

1. Find that Defendant AllianceOne's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Ms. Jackson and against Defendant AllianceOne, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Lisa Jackson, demands trial by jury.

Lisa Jackson,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: September 16, 2014

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

5